UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Lisa Oslin,

      Plaintiff,

                                   Case No. 15-14126
v.                                     Hon. Sean F. Cox
                                     Magistrate Judge Patricia T. Morris

Commissioner of Social Security,

      Defendant.

_____/

**ORDER ACCEPTING AND ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Lisa Oslin ("Plaintiff") brought this action seeking judicial review of Defendant

Commissioner of Social Security's ("Defendant") determination that she is not entitled to Social

Security Income Benefits and Disability Insurance Benefits.  (Doc. # 1).

All proceedings in this case were subsequently referred to Magistrate Judge Patricia T.

Morris pursuant to 28 U.S.C. § 636(b)(1)(B).  (Doc. # 3).  Sometime thereafter, Plaintiff and

Defendant filed cross-motions for summary judgment.  (Doc. # 14; Doc. # 17).

On January 24, 2017, Magistrate Judge Morris issued a Report and Recommendation

("R&R"), wherein she recommended that the Court DENY Defendant's Motion for Summary

Judgment, GRANT Plaintiff's Motion for Summary Judgment, and REMAND this case to the

Commissioner under sentence four of 42 U.S.C. § 405(g).  (R&R at 30).  Defendant filed timely

objections to the January 24, 2017 R&R on February 7, 2017.  (Doc. # 21, Def.'s Objs.).

Plaintiff timely responded to Defendant's objections on February 21, 2017.  (Doc. # 23, Pl.'s

Resp.).

2:15-cv-14126-SFC-PTM   Doc # 24   Filed 03/06/17   Pg 2 of 5   Pg ID 742

The Court finds Defendant's objections to be improper and without merit.  The Court

shall therefore **ACCEPT AND ADOPT** the R&R, **GRANT** Plaintiff's Motion for Summary

Judgment (Doc. #14), and **DENY** Defendant's Motion for Summary Judgment (Doc. # 17).

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b), a party objecting to the recommended

disposition of a matter by a Magistrate Judge must file objections to the R&R within fourteen

(14) days after being served with a copy of the R&R.  Fed. R. Civ. P. 72(b)(2).  Objections must

"(A) specify the part of the order, proposed findings, recommendations, or report to which a

person objects; and (B) state the basis for the objection."  E.D. Mich. LR 72.1(d).

Objections are not "a second opportunity to present the argument already considered by

the Magistrate Judge."  *Betancourt v. Ace Ins. Co. of Puerto Rico*, 313 F. Supp. 2d 32, 34

(D.P.R. 2004).  Moreover, the district court should not consider arguments that have not first

been presented to the magistrate judge.  *See Stonecrest Partners, LLC v. Bank of Hampton

Roads*, 770 F. Supp. 2d 778, 785 (E.D.N.C. 2011).

"The district judge must determine de novo any part of the magistrate judge's disposition

that has been properly objected to.  The district judge may accept, reject, or modify the

recommended disposition; receive further evidence; or return the matter to the magistrate judge

with instructions."  Fed. R. Civ. P. 72(b)(3).

## ANALYSIS

In her R&R, Magistrate Judge Morris determined that the Administrative Law Judge's

("ALJ") Step Three analysis–whether Plaintiff met or equaled Social Security Listing 1.04–was

defective because the ALJ failed to consider the medical examination records of Plaintiff's

neurosurgeon, Dr. Palavali.  (R&R at 21-25).  The Magistrate Judge further found "that because

the ALJ failed to consider the entire record, substantial evidence does not support her RFC

findings."  (R&R at 29-30).  Defendant lodges three objections to the Magistrate Judge's R&R.

*Objection # 1.*  In her first objection, Defendant improperly reasserts arguments already

advanced before Magistrate Judge Morris: (1) the State agency physician reviewed the evidence

of record and explicitly considered Listing 1.04, finding that Plaintiff was not disabled because

she did not meet or equal that Listing; (2) the record is "filled with evidence that Plaintiff did not

meet or equal Listing 1.04;" (3) the statement in the Palavali note that Plaintiff had "nerve root

compromise" appears to be a scrivener's error; and (4) the fact that the ALJ did not address the

Palavali notes does not indicate that the ALJ did not consider them.  (Def.'s Objs. at 3-4).

Magistrate Judge Morris's R&R properly rejects these arguments.  Specifically, the

Magistrate Judge noted that:

> [T]he ALJ's opinion reveals that she did not in fact consider Dr. Palavali's
> examination records either.  She remarks for instance, that "the undersigned did
> not find evidence in the record that surgery has been recommended," (Tr. 89),
> even though Dr. Palavali plainly recommended surgery in Exhibit 17F.
>
> ****
>
> Though the record contains little evidence of nerve root compromise or impaired
> sensation, reflexes, and motor functioning, the ALJ's frequent assertion that it
> contained "no [such] evidence" proves mistaken.
>
> ****
>
> That the Commissioner can point to "multiple findings that squarely preclude"
> [Plaintiff's] claim to meet Listing 1.04 only serves to illustrate a conflict in the
> medical evidence, and this Court remains ill-equipped to settle such conflicts.

(R&R at 23, 25).  Defendant fails to point to a specific deficiency in the Magistrate Judge's

reasoning as to these points.  Moreover, the Court agrees with the Magistrate Judge.

3

Defendant also unpersuasively objects to Magistrate Judge Morris's conclusion that the ALJ's failure to consider the Palavali notes, which "addressed each aspect of Listing 1.04," "imperiled her Step Three inquiry into whether [Plaintiff] met Listing 1.04." (R&R at 25). Specifically, Defendant argues that Dr. Palavali's notes did not address "each aspect" of the Listing. This argument is not persuasive because Defendant disregards that the ALJ was also required to determine whether Plaintiff medically "equaled" Listing 1.04. To that end, Magistrate Judge Morris correctly noted that the ALJ's Step Three *equivalency* analysis was defective because there is no indication that the ALJ considered Dr. Palavali's notes. (R&R at 25). For these reasons, and the reasons outlined in the R&R, Defendant's first objection is overruled.

*Objection # 2.* In her second objection, Defendant summarily asserts that the ALJ resolved any conflict in the medical evidence when she found that Plaintiff did not meet or equal Listing 1.04. (Def.'s Objs. at 4). Defendants' objection is improper. Defendant fails to point to *any* defect in the Magistrate Judge's analysis. Nor does Defendant address the numerous conflicts identified in the R&R. As such, Defendant's second objection is overruled.

*Objection # 3.* In her last objection, Defendant states that "[t]he remainder of the R&R essentially incorporates by reference the propositions that the Commissioner discussed supra. The Commissioner thus incorporates that discussion by reference, along with the corresponding discussion set forth in the Decision and in the Motion." (Def.'s Objs. at 5) (emphasis in original). Here, Defendant has not presented any argument that persuades this Court to reject the Magistrate Judge's resolution of the challenged issues. Notably, this objection is improper as it fails to identify a specific deficiency in the Magistrate Judge's reasoning. As such,

4

Defendant's third objection is overruled.

## CONCLUSION & ORDER

For the foregoing reasons, the Court shall **ADOPT AND ACCEPT** the January 24, 2017

R&R.  Accordingly, Plaintiff's Motion for Summary Judgment is **GRANTED** and Defendant's

Motion for Summary Judgment is **DENIED**.  The Court shall therefore **REMAND** this case

back to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  March 6, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on
March 6, 2017, by electronic and/or ordinary mail.

s/Jennifer McCoy
Case Manager